REYNA, Circuit Judge,
concurring-in-part and dissenting-in-part.
I concur with the majority opinion except for its construction of the term “recording a relative time of programming” in claims 1 and 3 of the '424 patent. The majority construes this term to include an embodiment in which no indication, temporal or otherwise, is recorded. From this conclusion I respectfully dissent.
Claim 1 is representative of claims 1 and 3 of the '424 patent:
1. In a non-volatile memory system having a plurality of blocks of memory storage elements that are individually erasable as a unit and which are individually organized into a plurality of pages of memory storage elements that are individually programmable together, a method of substituting new data for superceded data within at least one page of one of the plurality of blocks while data in at least another page of said one block is not replaced, comprising:
programming the new data into at least one page of said one or another of the plurality of blocks,
identifying the at least one page of superceded data and the at least one page of new data by a common logical address,
recording a relative time of programming the at least one page of new data and the at least one page of superceded data; and
wherein the at least one page of superceded data is less than all the data contained in said one block.
'424 patent col.12 1.60-col.l3 1.10 (emphasis added).
The specification describes two embodiments. The first is faithful to the claim language, recording a time stamp in each individual page. The second, called the “Block Recording Method,” is not. According to the specification, in the block recording method, “the time stamp ... does not need to be stored as part of each *1368 page” and “is used only to determine the relative age of the data stored in blocks.” Id. at col.9 11.41 — 47. The block time stamp is “recorded for each block, either as part of the block or elsewhere within the nonvolatile memory, and is updated each time a page of data is written into the block.”[1] Id. at col.9 11.42-50. In the block recording method, pages are written in order within the block, and the most current data for a logical page within a block will always be the last physical page in the block containing data for that logical page. However, since the physical pages do not contain any timestamp data, relative or otherwise, all that can be said is that the pages were written at the same time or after the time stamp in the physical block. In other words, although the relative order can be inferred from the physical number of the page, nothing is known about the relative times.
The majority avoids the distinction between “order” and “relative time” by focusing on the “relative” limitation in the claim and ignoring the limitations that the time must be recorded and that it must be a time. Thus, the majority states that “ ‘recording a relative time of programming’ merely requires recording some indication of the order of programming for those pages sharing a logical address.” Majority Op. at 1357. Because recording new updates in the next available page in the most recent block implicitly encodes the order in which the updates were received, the majority concludes that the claim was met. This construction improperly ignores express limitations of the claims and uses the specification to broaden the patent. See, e.g., Maxwell v. J. Baker, Inc., 86 F.3d 1098, 1105 (Fed.Cir.1996) (rejecting a claim interpretation that would ignore explicit limitations in the claim); Unique Concepts, Inc. v. Brown, 939 F.2d 1558, 1562 (Fed.Cir.1991) (“All the limitations of a claim must be considered meaningful.”); see also United States v. Adams, 383 U.S. 39, 86 S.Ct. 708, 15 L.Ed.2d 572 (1966) (stating that claims limit the inventions and “specifications cannot be used to expand the patent monopoly”).
The majority then attempts to explain how, under this reading, the block recording method satisfies the language of the claim. In particular, the majority discusses Figure 11, which depicts a second update to logical page 5 within the same physical block (PBN1) where the physical location of the two pages within the block identifies the most recently updated page:
*1369 [[Image here]]
Specifically, in Figure 11, the new physical block (PBN1) contains two versions of original page 5 located at PBN1 physical page 2 and PBN1 physical page 3. In this example, page 5 on the left has been modified twice. The first modification is stored at page 2 on the right. The second is stored at page 3 on the right. Because the data will be read backwards starting from the last page of the new block, the user data on PBN1 physical page 3 will be read, but the data on PBN1 physical page 2 will not.
If anything, the majority’s analysis of this embodiment proves that the claim does not cover the block recording method. In PBN1, pages 2 and 3 were written at two different times. When page 2 was written, a relative time was recorded for the new physical block. However, when page 3 was written, no relative time was recorded. The relative times of the updates of pages 2 and 3 are unknown and unknowable, because no relative time information is recorded at the page level. Instead, the system infers the order — as opposed to the relative times — in which the data was written. This is undoubtedly more elegant than recording relative times, but it does not satisfy the terms of the claim, which require that a relative time be recorded.
Even if it is possible to update the time for the block, this does not save the embodiment. If the block time is not updated, time information is only available for the first physical page in the block. If the block time is updated, time information is only available for the last page that has been written in the block. In either case, all that can be determined is the order of the pages, not their relative times. Indeed, in describing the block recording method, the specification notes that “[o]nly ... the relative times that the physical blocks were programmed need to be known.” '424 Patent col.10 11.3-7 (emphasis added). Thus, in the block recording method, relative times are recorded for physical blocks, not for pages. If a page update does not require a new block, no relative time is recorded, and the terms of the claim are not met.
*1370 The majority focuses only on the term “relative” and ignores that the claims explicitly require a time to be recorded. In doing so, it improperly expands SanDisk’s patent monopoly beyond what was claimed. I respectfully dissent.

. Updating the timestamp for a block once it is written appears to be impossible. A cell must be erased before it can be re-written. See '424 patent col.l 11.23-24. Cells can only be erased by erasing an entire block. See id. Therefore, to update the timestamp in a block when a page in that block is written, it would be necessary to erase the entire block, including the newly written data. It is possible, as the specification indicates, to store the relative time elsewhere in non-volatile memory. That is exactly what the first embodiment does, and it would appear that storage of the timestamps in any location other than the page being written would be much less efficient and would result in additional wear on the flash memory.